IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DALE JUNIOR KEEL,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE, in his capacity as Commissioner of the Social Security Administration,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE WITHOUT PREJUDICE<br><br><br><br>Case No. 2:08-CV-784 TS |

This matter is before the Court for review of the Magistrate Judge's March 25, 2009 Report & Recommendation. The Magistrate Judge recommended that the Commissioner's Motion to Dismiss for failure to exhaust administrative remedies be granted because the Plaintiff stipulated that he failed to exhaust his administrative remedies and that such exhaustion was required before this court has jurisdiction to consider his claim.

The Report and Recommendation notified Plaintiff he had ten days to file an objection to the Report and Recommendation and that the failure to file an objection may constitute waiver of those objections on appellate review. Plaintiff has not filed a timely

1

objection.

If, as in this case, there is no objection to the Report and Recommendation, the Court applies the "clearly erroneous" standard.[1] Under the clearly erroneous standard, this Court will affirm the Magistrate Judge's ruling "unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"[2]

Having reviewed the Report and Recommendation and Plaintiff's stipulation,[3] the Court finds that the Report and Recommendation is not clearly erroneous. Accordingly, it is therefore

ORDERED that the Magistrate Judge's Report and Recommendation (Docket No. 26) is ADOPTED IN FULL. It is further

ORDERED that Defendant's Motion to Dismiss (Docket No. 9) is GRANTED and this case is DISMISSED WITHOUT PREJUDICE.

This case may be closed forthwith.

DATED   April 16th, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[1] 28 U.S.C. § 636(b)(1) (requiring de novo review of only "those portions of the report or specified proposed findings or recommendations to which objection is made") and Fed. R. Civ. P. 72(b) (3) (same).

[2] *Ocelot Oil Corp. v. Sparrow Industries,* 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

[3] Docket No. 11.